# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-7067**

AAMIR COOPER,
          APPELLANT

v.

AMERICAN UNIVERSITY,
          APPELLEE

**September Term, 2022**

FILED ON: JANUARY 13, 2023

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-01970)

---

Before: SRINIVASAN, *Chief Judge*, WILKINS, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

\*    \*    \*

Aamir Cooper, an African-American man, was a police dispatcher for the American University Police Department. Cooper made inappropriate comments to at least six women who were either staff members or students.[1] The University fired him. Cooper then filed suit against the University, alleging that the University discriminated against him on the basis of his race and sex.

---

[1] Cooper allegedly approached the women, flirted with them, and asked for their phone numbers. Cooper also allegedly made comments regarding religion and race. His behavior made some of the women feel "threatened," "nervous," and "uncomfortable." Cooper denied the allegations.

The district court granted summary judgment in the University's favor. It held that Cooper had not shown that the University's basis for firing him was pretextual or that there were defects in its investigation. On Cooper's motion for reconsideration, the court held that there was no clear error in its decision; that the University suspending Cooper and placing him on administrative leave with pay while it investigated his alleged inappropriate comments was not an "adverse" employment action; and, in the alternative, that Cooper had failed to show that his suspension was pretextual. The court amended its judgment to include Cooper's claim of discrimination based on his paid administrative leave.

On appeal, Cooper has given us no reason to doubt the district court's judgment. To the extent he challenges his firing, he has not shown that the University's reason for firing him was pretextual. Cooper had to "produce[] sufficient evidence for a reasonable jury to conclude that [the University's] asserted nondiscriminatory reason for firing [him] was not the actual reason, and that instead [it] was intentionally discriminating against [him] on account of [his] race." *See Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1114 (D.C. Cir. 2016). Cooper tries to meet this burden by identifying, *inter alia*, "the employer's better treatment of similarly situated employees outside the plaintiff's protected group" or "its inconsistent or dishonest explanations." *Id.* at 1115 (quotation omitted).

But Cooper does not identify any such individual. He points to Lieutenant Rimi Sifri, a white female who was a supervisor in Cooper's unit. Sifri gossiped to other officers about a subordinate's sexual orientation, sexual encounters, and personal life. It is of no moment that Sifri was disciplined but not fired. She was not similarly situated to Cooper; the comparative seriousness of their conduct is not close. *See, e.g.*, *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C. Cir. 1995).[2] As in *Neuren*, here Cooper's conduct is "entirely different" from Sifri's conduct. *See id.*

Sifri made her comments to co-workers about a co-worker. Cooper made his comments to patrons of the University pool and students. *See Williams v. Saint Luke's-Shawnee Mission Health Sys., Inc.*, 276 F.3d 1057, 1059-60 (8th Cir. 2002). Cooper created an environment for multiple women that made them feel unsafe, and he made comments to them on a variety of intimate topics (race, religion, and sex). *See Schoppe v. Texas Dep't of Crim. Just.*, 124 F.3d 191, 1997 WL 533074, at *4 (5th Cir. 1997) (per curiam).[3]

---

[2]Cooper suggests instead a comparison between his case and *Wheeler*. But *Wheeler* involved nurses who all erred in similar (although not exact) ways. *See Wheeler*, 812 F.3d at 1112, 1115, 1118-19. For example one nurse gave the wrong dosage of a drug, while the plaintiff left an IV bag empty and set up the IV to deliver the wrong medicine. *See id.* at 1112, 1115. The nurses in *Wheeler* at least engaged in comparably serious conduct, unlike Cooper and Sifri.

[3]For the same reasons Billie Cunningham, a white female dispatcher and another individual Cooper compares to himself, was not similarly situated. In addition, Cooper failed to proffer competent evidence of some of the misconduct that he alleges Cunningham committed.

2

Cooper also fails to show that the University did not reasonably and honestly believe the allegations against him. The University consistently gave the same reason for firing Cooper (i.e., his inappropriate conduct). Furthermore, despite Cooper's denial that he engaged in sexual harassment, the University reasonably believed that he had done so. *See Fischbach v. D.C. Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996).

To the extent Cooper challenges his placement on administrative leave, he has failed to show that the University's non-discriminatory reasons for placing him on leave were pretextual.[4]

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). The Clerk will withhold the mandate until seven days after any timely petition for rehearing or rehearing en banc is resolved. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

---

[4]We do not reach the question of whether paid administrative leave is an adverse action.

3